IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FLOYD REED,**
                **Petitioner,**

-vs-                                                              **Case No. A-09-CA-843-SS**

**RICK THALER,**
**Texas Dept. of Criminal Justice-Correctional**
**Institutional Division,**
                **Respondent.**

## O R D E R

      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Floyd Reed's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1], the Report and Recommendation of the Magistrate Judge [#9] and Reed's Objections [#11]. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied or, in the alternative, dismissed without prejudice for failure to exhaust state court remedies.

      All matters in this case were referred to the Honorable Robert Pitman, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective December 1, 2002. On March 8, 2010, the Magistrate Judge issued his report and recommendation that Reed's petition for writ of habeas corpus should be denied on the merits or alternatively dismissed without prejudice for failure to exhaust state court remedies. Reed has objected to the report and recommendation and thus the Court has reviewed the file de novo. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). The Court having reviewed the petition, the report and recommendation, Reed's Objections, the case file as a whole, and the applicable law, the Court ACCEPTS the Magistrate Judge's report and recommendation.

**BACKGROUND**

On January 13, 2005, a man robbed the Bank of America on Airport Boulevard in Austin, Texas. Patrol Officer, Tony Thornton, received signals from the tracking devices ("rat packs") placed in between the bills given to the robber. When Thornton found Petitioner Floyd Reed, he was carrying an unloaded BB gun and a plastic bag containing one of the rat packs and over six thousand dollars. After being indicted on charges of aggravated robbery in the 299th District Court of Travis County, Texas, Reed entered a plea of not guilty. At trial, three bank customers testified the man who robbed the bank had a gun and two bank tellers identified Reed as the man who robbed the bank; however, one witness provided a conflicting description of the robber. Reed v. State, No. 03-06-00378-CR, 2008 WL 5264732, at *1-3 (Tex.App.–Austin 2008, no pet.).

On June 1, 2006, the jury found Reed guilty. He was convicted and sentenced to twenty-five years imprisonment for aggravated robbery, a first-degree felony requiring a deadly weapon. Reed, 2008 WL 5264732, at * 1. On December 17, 2008, Reed's conviction was affirmed by the Texas Court of Appeals for the Third District. Id. at * 8. Reed was granted an extension of time to file a petition for discretionary review until March 17, 2009, but he never filed. Reed v. State, PDR No. 0095-09. The Texas Court of Criminal Appeals dismissed Reed's applications for state writ of habeas corpus challenging this conviction because Reed's direct appeal was pending at the time. See Reed, 2008 WL 5264732, at *8; see also Ex parte Reed, Appl. No. 71,860-01 and No. 71,860-02.

**ANALYSIS**

**I.     Petitioner's Claims for Relief to be Granted**

Reed raises four grounds for relief: (1) use of evidence from an unlawful arrest; (2) violation of Double Jeopardy; (3) insufficient evidence to support conviction; and (4) ineffective assistance of Counsel.

**(a)     Use of Evidence to Support Conviction**

Reed claims evidence used for his conviction was from an unlawful arrest in violation of his Fourth Amendment rights. Reed in his objections claims police told witnesses he robbed the bank and thus the identification procedures were unlawful. The record states the rat packs led the officer directly to Reed. 3 RR 151-53, 159.  After being located by the rat packs, the officer found in Reed's possession the BB gun and more than six thousands dollars in cash. 3 RR 154-55, 187-92.  At trial Reed was identified by a witness unrelated to the identification procedures. 3 RR 177-79.  Whether or not the arrest was lawful based on these facts is not a question for this Court to decide. For an unconstitutional obtainment of evidence used at trial claim, federal habeas corpus relief cannot be granted when the state provided the petitioner an opportunity for full and fair litigation. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). Furthermore, on direct appeal Reed raised the issue of insufficient evidence to support his conviction; however, he did not make any claims about his arrest being unlawful. This Court will not grant habeas relief on Reed's Fourth Amendment claim because Reed failed to raise this claim on direct appeal in state court.

**(b)     Violation of Double Jeopardy**

Reed claims his Double Jeopardy rights were violated when both State and Federal authorities charged him for the same crime. Reed was indicted by the State on February 15, 2005. On February 18, 2005, Reed was taken into federal custody. Subsequently, Reed was re-indicted by the State under a new cause number. Jeopardy does not attach until a defendant is put to trial before either a judge or jury. *See United States v. Morgan*, 84 F.3d 765, 767 n.4 (5th Cir. 1996). Reed only went to trial before a jury in relation  to the State's re-indictment. Thus, jeopardy never attached to the earlier State indictment (February 15, 2005) or to the potential Federal proceeding. Both Federal and State authorities could have pursued prosecutions for crimes arising out of the same events of January 13, 2005.  Federal and State authorities are separate sovereigns and "under the dual sovereignty doctrine, successive prosecutions by separate sovereigns for crimes arising out of the same acts are not barred by the Double Jeopardy clause."*United States v. Johnson*, 91 F.3d 695, 697

(5th Cir. 1996) (quoting *United States v. Lanza*, 260 U.S. 377, 382 (1922)). This Court finds Reed is not entitled to habeas corpus petition on his Double Jeopardy claim.

**(c)     Insufficient Evidence to Support Conviction**

Reed claims the evidence used to convict him was insufficient; however, a sufficiency of evidence claim should be raised on direct appeal. Relief for claims of insufficient evidence is appropriate only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *West v. Johnson*, 92 F.3d 1385 (5th Cir. 1996) (quoting *Jackson v. Virginia*, 443 U.S. 307, 322-26 (1979)). On appeal Reed claimed there was insufficient evidence (1) to conclude the BB gun he carried was a "deadly weapon" and (2) to prove he "used or exhibited" the BB gun. Reed, 2008 WL 5264732, at *3. The Texas Court of Appeals denied all claims of insufficiency of evidence and Reed did not petition for discretionary review. *Id.* at *4. Expert witness testimony supported the argument a BB gun could be capable of causing serious bodily injury, thus making the jury's finding reasonable. Second, Reed claims evidence of "use" is not equivalent to evidence of firing the gun, however evidence of Reed showing the gun to three bank customers was sufficient evidence for a jury to make a finding regarding use. *Id*. *5. Additionally Reed's failure to petition for discretionary review in the state courts procedurally bars this Court from providing relief on this claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-07 (1991).

**(d)     Ineffective Assistance of Counsel**

Reed claims relief should be granted because he was denied his right to effective assistance of counsel. For a claim of ineffective assistance of counsel, a petitioner must allege and prove (1) his counsel's performance was deficient and (2) counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the "deficient performance" prong, a petitioner must show his attorney's errors were "so serious that his counsel was not functioning as the 'counsel'" the Sixth Amendment guarantees. *Id.* The attorney's conduct

is reviewed with great deference, and there is a strong presumption that counsel has exercised reasonable professional judgment. *Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986). To establish the "prejudice" prong, a petitioner must establish a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A 'reasonable probability' is one sufficient to undermine confidence in the outcome of the proceeding." *Nixon v. Epps*, 405 F.3d 318, 324 (5th Cir. 2005) (citing *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)).

Reed must show more than a different result would have been "possible." *Cockrum v. Johnson*, 119 F.3d 297, 302 (5th Cir. 1997). In addition, he must show the prejudice rendered the proceeding "fundamentally unfair or unreliable." *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997). The Fifth Circuit has held "a failure to establish *either* requirement necessarily defeats the claim." *Lincecum v. Collins*, 958 F.2d 1271, 1278 (5th Cir. 1992) (emphasis added) (citing *Strickland*, 466 U.S. at 697).

First, Reed claims counsel was ineffective for failing to challenge the identification procedure used by law enforcement and presented as evidence; however, Reed's counsel did in fact challenged the procedures used by law enforcement. 3 RR 236-42. In addition, this claim was raised and rejected on appeal. *Reed*, 2008 WL 5264732, at * 7. Second, Reed claims counsel was ineffective for failing to file a motion regarding a Double Jeopardy violation. As explained above, there was not a violation of Double Jeopardy. Counsel is not ineffective in failing to raise meritless objections. *Koch*, 907 F.2d at 527. Both claims fails to establish a different result would have been possible and therefore the claim of ineffective counsel is defeated. Finally, Reed claims counsel failed to object to "crossed racial lines." However, this Court will not provide relief for conclusory statements which fail to raise a constitutional issue. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

**II.     Failure to Exhaust State Court Remedies**

A fundamental prerequisite to federal habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*,

57 F.3d 451, 453 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 715 (1996). This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. *Castille*, 489 U.S. at 351. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. *Rose*, 455 U.S. at 522. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. *Id.*

On two occasions Reed petitioned for state writ of habeas corpus while his direct appeal was pending. Because his appeal was pending at the time he submitted each application, both applications were dismissed. Ex parte Reed, Appl. No. 71,860-01 (April 22, 2009) and No. 71,860-02 (July 9, 2009). Reed argues his claims were exhausted because he tried to submit applications for State habeas corpus but both were denied. Both habeas claims were denied because his direct appeal was still pending until March 17, 2009, since he could have submitted a petition for discretionary review ("PDR"). However, even when his PDR time extension expired, the judgement was not final until the appeals court issued its mandate. Reberts v.

Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). The Court of Appeals affirmed the trial courts decision on December 17, 2008; however, the mandate was not issued until August 13, 2009. Thus on August 13, 2009, the judgment became final and procedurally Reed could have submitted an application for State habeas corpus. By submitting claims to the state with procedural flaws they were not presented to the court and therefore did not meet the exhaustion requirement. See Deters v. Collins, 985 F.2d 789 (5th Cir. 1993). Accordingly, in the alternative to denying grounds for relief, this Court would dismiss the petition for failure to exhaust state court remedies. 28 U.S.C. § 2254(b)(2).

### III.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve

encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## Conclusion

In accordance with the foregoing:

IT IS ORDERED that the Report and Recommendation of the Magistrate Judge [#9] is ACCEPTED.

IT IS FURTHER ORDERED that Petitioner Floyd Reed's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DENIED.

SIGNED this the 6th day of July 2010.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE